UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| WADE ELLIOT BOWLES,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>SONNY WALTERS, Contract Attorney, Mike Durfee State Prison; DENNIS KAEMINGK, Secretary of Corrections, South Dakota State Penitentiary; ROBERT DOOLEY, Warden, Mike Durfee State Prison; JENNIFER STANWICK, Associate Warden, Mike Durfee State Prison; DARREN YOUNG, Warden, South Dakota Penitentiary,<br><br>　　　　　　　Defendants. | 4:15-CV-04073-KES<br><br><br>ORDER GRANTING MOTION TO AMEND, NOT ADOPTING REPORT AND RECOMMENDATION, AND DISMISSING CASE |

　　　　Petitioner, Wade Elliot Bowles, an inmate at the Mike Durfee State Prison, filed a complaint pursuant to 42 U.S.C. § 1983 on April 9, 2015. Docket 1. The matter was referred to Magistrate Judge Veronica L. Duffy pursuant to 28 U.S.C. § 636(b)(1)(B) and this court's October 16, 2014 standing order. Magistrate Judge Duffy screened Bowles' complaint and recommends that it be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Docket 8 at 1-2. Bowles objects to the report and recommendations and moves to amend his complaint. Docket 9. He also filed a supplemental brief in support of his claims. Docket 10. For the following reasons, the report and

recommendation is not adopted, Bowles' motion to amend is granted, and his amended complaint is dismissed.

## FACTUAL BACKGROUND

According to his amended complaint, Bowles requested copies of his habeas appeal petition from Sonny Walters, the prison contract attorney at Mike Durfee State Prison, so he could file it in the Eighth Circuit Court of Appeals. Docket 9 at 1. One of the arguments raised in his habeas petition was that South Dakota was violating federal law by prosecuting American Indians, including Bowles, for crimes that were committed in Indian Country. *Id.* at 2.

Bowles' petition was 52 pages long. *Id.* This included transcripts from his original court proceedings. *Id.* He claims he was forced to leave some of these transcripts out of his final petition so he could present his argument and receive copies for all of the parties he intended to "serve." *Id.* Bowles wanted copies to send to the Eighth Circuit Court of Appeals, the Solicitor General, the Crow Creek Tribal Chairman, the Secretary of the Interior, Governor Dennis Daugaard, the Bureau of Indian Affairs ("BIA"), Attorney General Marty Jackley, U.S. Attorney General Eric Holder (now Loretta Lynch), and the President of the United States. *Id.* at 4. He also wanted a copy for himself. *Id.* When Bowles requested ten copies of his petition, Walters refused, saying those parties did not need a copy. *Id.* at 3. Bowles requested 520 pages of copies and was given 208. *Id.*

On April 9, 2015, Bowles filed this complaint. Docket 1. A month later, he filled out a § 1983 complaint form with the same information. Docket 3. He claims Walters denied him access to the courts by refusing to give him 10 complete copies of his petition. *Id.* All other defendants are sued only in their role as Walters' supervisors. Docket 9 at 7.

The case was referred to Magistrate Judge Duffy for screening pursuant to 28 U.S.C. § 1915. Docket 8. Magistrate Judge Duffy recommends dismissal of all defendants except Walters because they were sued only in their supervisory roles, which § 1983 does not permit. *Id.* at 8. As to Walters, Magistrate Judge Duffy recommends that Bowles' complaint be dismissed for failure to state a First Amendment claim because he did not show that a nonfrivilous legal claim was impeded or frustrated. *Id.* at 11. She also recommends dismissal of the complaint because Bowles failed to exhaust his claims. *Id.* at 13.

Bowles objects to these recommendations. He filed a document which he called a "Motion to Amend Civil Rights Complaint and Objections to Report and Recommendation." Docket 9. Bowles does not clearly delineate between the sections which are meant to be a motion, an amended complaint, or objections.

## LEGAL STANDARD

The court must accept the well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *Schriener v. Quicken Loans, Inc.*, 774 F.3d 442, 444 (8th Cir. 2014). Civil rights

and pro se complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted); *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004). Even with this construction, "a pro se complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985); *Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013). Civil rights complaints cannot be merely conclusory. *Davis v. Hall*, 992 F.2d 151, 152 (8th Cir. 1993).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "If a plaintiff cannot make the requisite showing, dismissal is appropriate." *Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985).

## DISCUSSION

As an initial matter, Bowles moves to amend his complaint. A motion for leave to amend is committed to the sound discretion of the district court. *Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454 (8th Cir. 1998). "A party may amend its pleading once as a matter of course within . . . 21 days after serving it." Fed. R. Civ. P. 15(a)(1)(A). Bowles' complaint has not been served. The court grants Bowles leave to amend his complaint and accepts his filing, (Docket 9), as an amended complaint.

Bowles' amended complaint is nearly identical to his original complaint. He explains why he wanted to send his petition to certain parties and expands

his arguments, but his claim remains essentially the same: denial of access to the courts. Docket 9.

I.     **Supervisory Liability Is Inapplicable to § 1983 Claims**

Bowles names Kaemingk, Dooley, Stanwick, and Young as defendants in their supervisory capacity. "[V]icarious liability is inapplicable to § 1983 suits[.]" *Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010). "[E]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)). A supervisor's liability must be based on his or her own "deliberate indifference or tacit authorization." *Grayson v. Ross*, 454 F.3d 802, 811 (8th Cir. 2006) (quoting *White v. Holmes*, 21 F.3d 277, 280 (8th Cir. 1994)). Bowles sues these defendants in their supervisory capacity only. The amended complaint states, "Walters receives his directions and instructions from someone here in this prison, namely one or all of the named defendants in this petition. . . . Whomever it is needs to be held accountable and the other defendants who are not liable can be withdrawn from this petition." Docket 9 at 7. Because Bowles' claims against Kaemingk, Dooley, Stanwick, and Young arise only from their supervisory roles, they are dismissed.

II.    **Bowles' Fails To State a Claim Upon Which Relief May Be Granted For Violation of His First Amendment Right To Access the Courts**

The United States Supreme Court has "consistently required States to shoulder affirmative obligations to assure all prisoners meaningful access to the courts." *Bounds v. Smith*, 430 U.S. 817, 824 (U.S. 1977). In order to

establish a claim for denial of access to the courts under *Bounds*, Bowles must show actual injury. " 'Insofar as the right vindicated by *Bounds* is concerned, meaningful access to the courts is the touchstone, and the inmate therefore must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim.' " *Beaulieu v. Ludeman*, 690 F.3d 1017, 1046-47 (8th Cir. 2012) (quoting *Lewis v. Casey*, 518 U.S. 343, 351 (1996)).

While Bowles explains his position more fully in his amended complaint than in his initial complaint, the underlying issue remains: he fails to show how Walters "hindered his efforts to pursue a legal claim." Much of Bowles' amended complaint focuses on the merits of his habeas claim. This is not the issue. He fails to show how the effort to pursue his claim was hindered because he did not have a sufficient number of copies. The court will examine Bowles' arguments individually, but this issue exists throughout his amended complaint.

According to the amended complaint, Walters denied Bowles ten copies of his petition and gave him only four. Docket 9 at 3. Bowles claims this restricted his ability to make his argument to the Eighth Circuit Court of Appeals. *Id.* Bowles states, however, "Petitioner was able to get most of his argument as well as service to the legal entities, all at the same time, but they did not receive all of my argument the way it was initially presented." *Id.* at

6

5-6. As a general matter, culling a brief to a manageable size is something all litigants must do, whether they are pro se, prisoners, or anyone other litigant.

### A. Bowles' Inability To Send a Copy of His Petition to the Solicitor General Did Not Violate His First Amendment Right To Access the Courts

Bowles argues that Walters' refusal to print extra copies for him prohibited him from sending a copy of his petition to the United States Solicitor General. Docket 9 at 2. In his amended complaint, Bowles argues that United States Supreme Court Rule 29 requires him to send a copy to the Solicitor General. The subsection of the rule he refers to states:

> In any proceeding in this Court in which the constitutionality of an Act of Congress is drawn into question, and neither the United States nor any federal department, office, agency, officer, or employee is a party, the initial document filed in this Court shall recite that 28 U.S.C. § 2403(a) may apply and shall be served on the Solicitor General of the United States . . . .

U.S. Sup. Ct. R. 29(4)(b).

This rule, however, applies to proceedings and filings in the Supreme Court. Bowles' complaint concerns his appeal to the Eighth Circuit Court of Appeals. Because this rule is inapplicable to his appeal, Bowles had no need to send a copy of his petition to the Solicitor General.

### B. Bowles' Inability To Send a Copy of His Petition to His Tribe and the BIA Did Not Violate His First Amendment Right To Access the Courts

Bowles argues that Walters' refusal to print extra copies for him prohibited him from sending his petition to his tribe and the BIA. Docket 9 at

7

2-3. He claims that under 25 U.S.C. § 1331,[1] he must send a copy to both. This section states:

> Notwithstanding any other provision of law, if any application made by an Indian, Indian tribe, Indian council, or any band or group of Indians under any law requiring the approval of the Secretary of the Interior or the Commissioner of Indian Affairs of contracts or agreements relating to the employment of legal counsel (including the choice of counsel and the fixing of fees) by any such Indians, tribe, council, band, or group is neither granted nor denied within ninety days following the making of such application, such approval shall be deemed to have been granted.

25 U.S.C. § 1331.

This section does not apply to Bowles' appeal, and he does not explain how it applies. The section requires Indian tribes to obtain federal governmental approval before hiring an attorney. It is inapplicable to Bowles' appeal, and he had no legal obligation to send a copy of his petition to his tribe or the BIA.

### C.     The Case Law Bowles Cites Does Not Support His Claim

Bowles cites *Christopher v. Harbury*, 536 U.S. 403 (2002), to argue that his claim has been "frustrated or impeded." Docket 9 at 4. Bowles argues that *Christopher* supports his allegation that his failure to obtain as many copies as he wanted caused his potentially meritorious claim to fail. *Id.* The discussion in *Christopher*, however, concerns the validity of the plaintiff's underlying claim. This reflects Bowles' misunderstanding of the issue discussed above and in the report and recommendation: it is frustration of his claim that he fails to

---

[1] Bowles cites this section as 25 U.S.C.A. § 1301, P.L. 104-133.

8

show, rather than the merit of his underlying claim. In *Christopher*, the Court states that official acts frustrating litigation must be described in the complaint. *Id.* at 415.

Bowles cites *Lewis v. Casey*, 518 U.S. 343 (1996) to support his claim. *Lewis* discusses the degree to which a court can dictate to the executive branch, including a department of prisons, the methodology it must employ in order to comply with the right of prisoners' to access the courts. *Id.* To state a denial of access claim, the Court stated, an inmate must "demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Id.* at 351. The Court offers a number of examples of this injury. The example most similar to Bowles' complaint is: a prisoner's complaint which is "dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known." *Id.* at 351. Bowles does not show any "deficiency" in the prison's legal facilities because he does not explain why he must have ten copies to appeal his denial of habeas relief. *Lewis* does not support Bowles' claims.

### D. Failure to Exhaust Bars Bowles' Claims

Bowles argues that his claim should not be dismissed for failure to exhaust prison administrative remedies. Docket 9 at 6. He argues that the exhaustion requirement does not apply to habeas actions. *Id.* He also argues

that there is an exception to exhaustion in habeas actions when exhaustion would be futile or cause irreparable harm. *Id.*

The underlying basis for Bowles' denial of access to courts claim concerns a habeas petition. But the present matter is a § 1983 action. Under 28 U.S.C. § 1983, "An inmate must exhaust all available administrative remedies before bringing a § 1983 suit." *Porter v. Sturm*, 781 F.3d 448, 451 (8th Cir. 2015) (quoting 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 211 (2007); *Burns v. Eaton*, 752 F.3d 1136, 1141 (8th Cir. 2014)). "It does not matter that the inmate 'subjectively believed that there was no point in his pursuing administrative remedies.' " *Id.* (quoting *Lyon v. Vande Krol*, 305 F.3d 806, 809 (8th Cir. 2002) (en banc)). Bowles claims that it would be futile for him to exhaust his administrative remedies. Docket 9 at 6. His claim of futility, however, is inapplicable to his § 1983 claim.

Bowles also claims that his failure to exhaust can be excused because of irreparable harm. *Id.* He does not cite any legal support or explain how Walters' refusal to give him extra copies of his petition caused him irreparable harm. Therefore, Bowles' failure to exhaust is not excused.

Bowles argues that he should not have to plead exhaustion. In *Jones*, the Supreme Court concluded "that failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints." 549 U.S. at 216. But, the Court also stated, "There is no question that exhaustion is mandatory under the

PLRA and that unexhausted claims cannot be brought in court." *Id.* at 211 (citing *Porter v. Nussle*, 534 U.S. 516, 524 (2002)). The Eighth Circuit Court of Appeals has found dismissal under § 1915A appropriate when documents filed in the district court show that plaintiff has not exhausted his claims before filing his complaint. *Houston v. Norris*, 220 F. App'x 442, 443 (8th Cir. 2007). Bowles states in his amended complaint that he has not exhausted his claim. Therefore, his claim is barred.

The remainder of Bowles' amended complaint consists of grievances about his attorney and the court proceedings in his criminal case. He does not explain how this relates to his current amended complaint other than showing the merit of his underlying claim, which the court has explained is not the reason for dismissal.

### III.     This Dismissal Constitutes Bowles' First Strike

The court considers dismissal of this lawsuit a first "strike" for purposes of the Prison Litigation Reform Act. 28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

### CONCLUSION

Bowles complains that he was denied access to the courts by Walters' refusal to print him copies of his petition for appeal in his habeas action. He

11

was given 208 pages, more than enough to file his petition with the Eighth Circuit Court of Appeals. He does not present law or fact which shows that he was denied access to the courts. It is ORDERED

1. Bowles' motion to amend his complaint (Docket 9) is granted.

2. Magistrate Judge Duffy's report and recommendation (Docket 8) is not adopted because it is moot.

3. Bowles' complaint (Docket 3) is dismissed without prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

4. This action constitutes the first strike against Bowles for purposes of the three-strike rule under 28 U.S.C. § 1915(g).

Dated December 8, 2015.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE